IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MAURICE T. NEWTON, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 113-191 |
| ) | |
| CHESTER HUFFMAN, Captain, ) | |
| Richmond County Sheriff's Office, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Charles B. Webster Detention Center in Augusta, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), the Court screened Plaintiff's complaint in compliance with the IFP statute, 28 U.S.C. §§ 1915(e) and 1915A. In a Report and Recommendation ("R&R") issued March 26, 2014, the Court recommended dismissal of all but one of Plaintiff's claims, including his claims alleging deliberate indifference to his serious medical needs. (Doc. no. 11.) In a simultaneously issued Order, the Court directed Plaintiff to amend his complaint as to his remaining claim regarding the conditions of his confinement in a suicide watch cell. (Doc. no. 10.) Despite the Court's instructions, and in lieu of objections to the Court's R&R, Plaintiff filed an amended complaint as to both his conditions of confinement claim and his deliberate indifference

claims.[1] (Doc. no. 13.) Nevertheless, Plaintiff's amended complaint supersedes the original complaint in its entirety, and the Court has therefore issued an Order vacating its prior R&R. See Pintado v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) (*per curiam*); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007). Accordingly, the Court will proceed to screen Plaintiff's amended complaint to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I. SCREENING OF THE AMENDED COMPLAINT

### A. BACKGROUND

In his amended complaint Plaintiff names the following defendants: (1) Nurse Practitioner Conn; (2) Chester Huffman, a captain in the Richmond County Sheriff's Office; and (3) Deputy Ward, a guard in the same office.[2] (See doc. no. 13, pp. 1, 4, 8, 11.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff alleges he was placed in a "lockdown" cell in which "feces cover [sic] the

---

[1] Plaintiff amended his claims on two separate complaint forms. (See doc. no. 13.) However, as both forms are dated April 7, 2014 and were submitted together, the Court reads them in conjunction with each other.

[2] In his original complaint, Plaintiff named an additional Defendant who is not included in the amended complaint. The Court will address Plaintiff's claim against this Defendant below. See infra Part I.B.2. Plaintiff also did not include in his amended complaint two claims from his original complaint based on verbal threats and the denial of his grievances. Because the amended complaint supersedes the original complaint, the Court does not address the omitted claims. However, even if the Court were to address them, because Plaintiff has not included either claim in the amended complaint, he has not alleged any facts that would give the Court reason to deviate from its prior recommendation that both claims be dismissed.

floor and walls." (Id. at 12.) The cell had no toilet, and instead Plaintiff used a "3 inch metal grated hole" in the floor. (Id.) Sewage from flushing toilets on the neighboring cell blocks "flows through" the hole in the floor, causing flooding and an unpleasant odor in the cell. (Id.) Plaintiff asked Deputy Ward to provide him with hand sanitizer and to remove him from the cell, but his requests were denied. (Id.) Plaintiff was required to eat his meals in the cell, but was not provided any tissue paper and was denied water for several days. (Id.) Captain Huffman "approves of this confinement area" and is the "designated authority of inmate punishment and treatment and housing and welfare." (Id.)

On the morning of August 29, 2013, Plaintiff awoke with a swollen neck and tongue, and felt a knot in his chest. (Id. at 5.) Plaintiff used the intercom to notify Deputy Ward that he was having difficulty breathing and felt lightheaded, and Deputy Ward told Plaintiff that he had called for medical assistance. (Id.) Plaintiff waited several hours, during which time Plaintiff states he again notified Deputy Ward of his need for treatment, but also that he was too weak to walk to the main cell pod door where the intercom was located and that the intercom had been shut off. (Id.) Confusingly, after Deputy Ward's shift ended, Plaintiff walked to the main cell pod door and again requested medical help. (Id.) Plaintiff was informed that his "room intercom system was the only one cut off" and that there was no mention of his requests for medical help in the log book. (Id.) Plaintiff was then seen by a nurse who told him that "nothing could be done for him and [she] was concerned about his health." (Id. at 6.) Plaintiff states that the swelling "made [his] skin split and bleeding," and that he still suffers from various rashes, sores, and blisters. (Id.) Plaintiff seeks a declaratory judgment stating that his constitutional rights have been violated, medical treatment, and

3

money damages. (Id. at 7, 13.)

**B.    DISCUSSION**

**1.    Legal Standard for Screening.**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual

enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. The Defendant Not Named in the Amended Complaint Should Be Dismissed.

In the Court's Order instructing Plaintiff as to how to amend his complaint, he was warned that his amended complaint would supersede the original complaint in its entirety. (Doc. no. 10, pp. 3-4 (citing Pintado, 501 F.3d at 1243; Lowery, 483 F.3d at 1219).) Plaintiff was also specifically told that he must name all defendants in the caption and the body of the amended complaint. (Id. at 4.) Upon review of the amended complaint, the Court finds that Plaintiff no longer names Lieutenant Elim of the Richmond County Sheriff's Department as a defendant. (See doc. no. 13, pp. 1, 4, 8, 11.) As Plaintiff did not name this Defendant in the caption or describe in the body of the amended complaint any actions taken by Lieutenant Elim, he should be dismissed from this case.[3]

---

[3] As Plaintiff does not mention Lieutenant Elim in his amended complaint, he also does not provide any reason for which the Court would deviate from its conclusion in the prior R&R that Plaintiff's claim against Lieutenant Elim should be dismissed.

5

### 3. Defendant Conn Should Be Dismissed Because Plaintiff Does Not Allege Any Claim Against Her.

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Here, Plaintiff lists Nurse Conn as a defendant, but does not mention her anywhere while stating his claims. (See doc. no. 13.) Indeed, the only medical official mentioned in Plaintiff's statement of his claims is Nurse Jenna Jones. (Id. at 6.) Therefore, Nurse Conn should be dismissed from this case.[4] See Douglas, 535 F.3d at 1321-22.

### 4. Plaintiff Fails to State a Claim for Deliberate Indifference to His Serious Medical Needs.

To state a claim of deliberate indifference to serious medical needs, Plaintiff must allege that: (1) he had an objectively serious medical need, (2) Defendants acted with deliberate indifference to that need, and (3) his injury was caused by Defendants' wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010) (noting that a plaintiff must "show a causal connection between the constitutional violation and his injuries" to prevail on any §

---

[4] Furthermore, because Plaintiff did not mention Nurse Conn in the amended complaint, he provides no reason for which the Court would deviate from its prior recommendation that Plaintiff's claim against her be dismissed.

1983 claim).

To satisfy the first prong, a prisoner's medical need must have been "diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the second prong, Plaintiff must allege that Defendants: (1) were subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Id.

In addition, as Plaintiff claims that a delay in medical treatment amounted to deliberate indifference, he must allege some "detrimental effect of the delay in medical treatment . . . ." Hill, 40 F.3d at 1188, *abrogated in part on other grounds by* Hope v. Pelzer, 536 U.S. 730, 739 n.9 (2002); see also Farrow v. West, 320 F.3d 1235, 1244 n.12 (11th Cir. 2003) ("In Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L.Ed.2d 666 (2002), the Supreme Court criticized part of the qualified immunity analysis in Hill, but not Hill's analysis of what constitutes a serious medical need of prisoners."). Whether such delay amounts to deliberate indifference to a serious medical need depends on the length of the delay as well as "the nature of the medical need and the reason for the delay." Farrow, 320 F.3d at 1247.

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow, 320 F.3d at 1243. The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495,

1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505. Moreover, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010) (*per curiam*).

Here, Plaintiff claims that on the morning of August 29, 2013 he requested medical treatment because his tongue and neck were swollen, and he was having difficulty breathing, but that he did not receive treatment until several hours later. (Doc. no. 13, pp. 5-6.) Plaintiff speculates that Deputy Ward caused the delay by failing to call medical immediately or by turning off the intercom in Plaintiff's cell. (Id.) Later, however, Plaintiff was apparently able to walk to the main cell pod door and communicate his request orally or via the intercom system, and his allegations indicate that when he did so

he promptly received treatment. (Id.) Furthermore, Plaintiff does not allege any detrimental effect or serious injury caused by the brief delay of several hours, stating only that the swelling had begun to bleed by the time he received treatment. See Hill, 40 F.3d at 1188; Farrow, 320 F.3d at 1247. Indeed, Plaintiff indicates that his illness did not even mandate treatment following the delay, as Nurse Jones told him there was nothing she could do for him. See Goebert, 510 F.3d at 1326. Plaintiff's allegations indicate only that he suffers from frequent rashes, sores, and blisters, for which "no solution has been found" by medical staff. (Doc. no. 13, p. 6.) Thus, Plaintiff fails to state a deliberate indifference claim against Deputy Ward.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants Elim and Conn be **DISMISSED** from this case, and that Plaintiff's deliberate indifference claims be **DISMISSED** for failure to state a claim upon which relief can be granted.[5]

SO REPORTED and RECOMMENDED this 23rd day of April, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[5] In a simultaneously issued Order, the Court is allowing Plaintiff to proceed with his claims against Deputy Ward and Captain Huffman based on the conditions of his confinement while in the lockdown cell.